IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIE CARTER, #262342, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:18-CV-1026-MHT |
| | ) | |
| JEFFERSON S. DUNN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Willie Carter, an indigent state inmate currently incarcerated at the Ventress Correctional Facility.  In the instant complaint, Carter asserts that the defendants deprived him of due process and equal protection when they removed him from the substance abuse program based on their determination that he was under the influence of narcotics. Doc. 1 at 3.

The defendants filed a special report supported by relevant evidentiary materials, including affidavits and prison records, in which they address the claims for relief presented by Carter.  The report and evidentiary materials refute the self-serving, conclusory allegations presented by Carter.  Specifically, the defendants maintain that Carter had no liberty interest in continued participation in the substance abuse program protected by due process, Doc. 13 at 8–9, and further argue that his removal from the program occurred not for any constitutionally impermissible reason but because his actions during a group meeting on September 13, 2018—slumping in his chair, dozing off, slurring

his speech, imbalance, and uncharacteristically belligerent behavior—indicated to defendant Gissendanner, a drug treatment counselor at Ventress, that Carter was under the influence of drugs. Doc. 13-1 at 1–2.

In light of the foregoing, the court issued an order directing Carter to file a response to the defendants' written report. Doc. 14.  The order advised Carter that his failure to respond to the reports would be treated by the court "as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action." Doc. 14 at 1.  Additionally, the order "specifically cautioned [Carter] that [his failure] to file a response in compliance with the directives of this order" would result in the dismissal of this civil action. Doc. 14 at 1.  The time allotted to Carter for filing a response in compliance with the directives of this order expired on April 5, 2019. Doc. 14 at 1.  As of the present date, Carter has failed to file a response in opposition to the defendants' written report.  In light of Carter's failure to file a response to the written report of the defendants, the court finds that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Bd. of Regents of Univ. Sys. of Ga.*, 248 F. App'x 116, 117–18 (11th Cir. 2007).   After this review, the court concludes that dismissal of this case is the proper course of action at this time.  Specifically, Carter is an indigent individual, so the imposition of monetary or other punitive sanctions against him would be ineffectual.  Additionally, his inaction in the face of the defendants' report and evidence suggests a loss of interest in the continued prosecution of this case.  Finally, the evidentiary

materials submitted by the defendants, which are at this point undisputed by Carter, demonstrate that no violation of the Constitution occurred.  It likewise appears that any additional effort by this court to secure Carter's compliance would be unavailing and a waste of this court's scarce judicial resources.  Consequently, the court concludes that the abandonment of this case by Carter and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion).  The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).  This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket.").  "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

For these reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **June 5, 2019** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the

Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 22nd day of May, 2019.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE